**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1571
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER YOUNGER,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:17-cr-00248-001)
District Judge: Honorable Arthur J. Schwab

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on August 13, 2020

Before: AMBRO, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: September 21, 2020)

_____

———————

OPINION*

———————

PER CURIAM

Christopher Younger appeals the District Court's order denying his motion to correct his sentence. For the reasons below, we will dismiss the appeal as moot.

In July 2018, Younger pleaded guilty to assault on a federal employee and theft of mail. He was sentenced pursuant to a plea agreement which specified a sentence of 15 months in prison and three years of supervised release. In April 2019, while Younger was on supervised release after serving the prison sentence, the Probation Office filed a petition alleging that Younger had violated his supervised release.

In February 2020, Younger filed a pleading titled "Rule 35 correcting a sentence/3742 review of a sentence" in which he argued that his sentence was illegal due to a mistake in calculating the application of the sentencing guidelines. The District Court denied the motion in a text-only order on the docket. Younger filed a timely notice of appeal. In August 2020, the District Court held a hearing on the supervised release revocation. Younger was sentenced to time-served with no additional term of supervision, i.e. his federal sentence has been served completely.

The Government filed a motion to dismiss arguing that the appeal is moot because Younger has completed his federal sentence. We agree. In his motion in the District

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Court, Younger challenged only his sentence and asked for correction of that sentence. Because the expiration of his sentence makes that relief no longer available, the appeal is moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996) ("If developments occur during the course of adjudication that … prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

For the above reasons, as well as those set forth by the District Court, we will grant the Government's motion and dismiss the appeal as moot. Younger's motions for the appointment of counsel are denied.